UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRIAN WORDSMAN,

    Plaintiff,

v.                                        Case No: 3:14-cv-96-J-39JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation [Doc. 25; Report], entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on December 3, 2014. Plaintiff is appealing the denial of his applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The parties filed legal memoranda along with the administrative record, and upon review of these filings, the Magistrate Judge issued the Report in which he recommends that the final decision of the Commissioner of Social Security ("Commissioner") be reversed and remanded. See (Report, Doc. 25 at 6-7). The Commissioner did not file any objections to the Report, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district judge is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court reviews legal

conclusions de novo, even in the absence of an objection.  See Cooper–Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the factual and legal conclusions recommended by the Magistrate Judge.  Accordingly, it is hereby

**ORDERED:**

1. The Report and Recommendation [Doc. 25] of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

2. Pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), the decision of the Commissioner is **REVERSED and REMANDED**.

3. On remand, the ALJ is required to (a) reevaluate Plaintiff's credibility; (b) reevaluate Plaintiff's complaints of COPD; (c) reconsider Plaintiff's RFC, if appropriate; and (d) conduct any further proceedings deemed appropriate.

4. Should this remand result in the award of benefits, Plaintiff's attorney is **GRANTED**, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  See In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2), Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012).  This extension does not apply to

any motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

5. The Clerk of the Court is **DIRECTED** to enter judgment consistent with this Order and close the file.

**DONE** and **ORDERED** in Jacksonville, Florida this 14th day of January, 2015.

BRIAN J. DAVIS
United States District Judge

mg
Copies furnished to:

Counsel of Record

The Honorable Joel B. Toomey,
United States Magistrate Judge